MARTÍNEZ, PLAINTIFF AND APPELLANT, *v.* JIMÉNEZ ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Aguadilla in an Action to Annul Judicial Proceedings and Records of Instruments in the Registry of Property.

No. 1134.—Decided July 21, 1914.

DEMURRER—CAUSE OF ACTION—GROUND OF DEMURRER.—A demurrer under section 106 of the Code of Civil Procedure on the ground that the complaint does not state facts sufficient to constitute a cause of action is sufficiently explicit in that form and need not allege the grounds on which it is based.

ID.—APPEAL—FUNDAMENTAL ERROR—CAUSE OF ACTION.—When an appeal is taken from a judgment holding that the complaint does not state facts sufficient to constitute a cause of action, in accordance with Rule 43 of this court, the court should examine the allegations of the complaint even when the only error assigned by the appellant cannot be sustained, in order to ascertain whether there is any fundamental error.

FRAUD—INSUFFICIENCY OF COMPLAINT—CURABLE DEFECTS.—In order that a complaint alleging fraud may be sufficient, the facts alleged therein must be of such a character that, admitting them to be true, they would support a judgment against the defendant, which does not occur in the present case where the allegation of fraud is limited to deductions and suppositions. A defect of this nature in the complaint may be corrected by amendment.

The facts are stated in the opinion.

The appellant filed a brief *pro se*.

*Mr. A. Blasco Pagán* for the respondents.

MR. JUSTICE ALDREY delivered the opinion of the court.

The present appeal was taken by Víctor P. Martínez from a judgment rendered by the District Court of Aguadilla on appeal on February 21, 1914, sustaining a demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action and dismissing the complaint, but reserving to the plaintiff the right to bring another action in accordance with an opinion which the court would deliver. A second ground of demurrer alleging *res judicata* was overruled.

Although the appellant's only assignment of error is that the lower court violated section 106 of the Code of Civil Procedure in sustaining the said ground of demurrer without specifying the reasons and grounds upon which it was based, that assignment cannot be sustained because, as this court said in the case of *The Property Owners' League* v. *The City of San Juan,* 14 P. R. R., 85, in construing section 106, which is alleged to have been violated and which is identical to section 431 of the Code of Civil Procedure of California, "A demurrer on the grounds 'that the court has no jurisdiction, either of the person of the defendant, or of the subject of the action,' and 'that the complaint does not state facts sufficient to constitute a cause of action,' is sufficiently explicit under the rules of construction adopted by the courts of California. (*Ellisen* v. *Halleck,* 6 Cal., 387.)"

Although the appeal is not sustainable on the error alleged to have been committed by the court, nevertheless, as the appeal was taken from a judgment adjudging that the complaint does not state facts sufficient to constitute a cause of action, it is incumbent upon us to examine the allegations of the complaint, because, pursuant to Rule 43 of this court, if it is erroneous we must consider it as it would be a fundamental error.

The action was brought by Víctor P. Martínez against Juan Antonio Jiménez and Juan de Dios Torres and he al-

leges substantially as follows: That defendant Jiménez made a promissory note for $371.45 payable to the indorsee of the plaintiff on October 30, 1908, and to guarantee said payment it created a lien on his present and future properties; that notwithstanding the said obligation and concealing the fact that such lien existed, the defendants and their relatives reached an understanding by which Juan de Dios Torres sued Juan Antonio Jiménez for $500 which the former had gratuitiously loaned the latter without security, which acts the plaintiff alleges to be nothing more nor less than simulated and fraudulent, for Torres was not in a position to make the said loan and it is not reasonable or logical to suppose that he would have made it without interest or security; that in the said action, in which the complaint was not verified, defendant Jiménez filed a sworn statement, dated December 20, 1909, authorizing entry of judgment by confession in favor of Torres for the said sum, without trial, and for the purpose of securing the plaintiff against contingent liability, agreed that said judgment should become a lien on certain property specified in the complaint; that on the said 20th day of December, 1909, the court rendered judgment against Jiménez without trial for the said sum and ordered that a writ of execution issue against the property of the debtor to satisfy the said judgment, which proceedings the plaintiff considers void because the prior lien of Martínez was concealed, because the jurat to the verification of the statement of Jiménez fails to attest that he was known personally, and because no evidence was introduced to prove the debt or the contingent liability against which Torres was secured, from all of which the plaintiff considers that the defendants conspired to defraud the plaintiff of his rights; that the plaintiff filed a complaint against Jiménez for his debt and obtained a judgment in his favor on March 7, 1910, and that to satisfy the same the marshal advertised the said property for sale; that on March 17, 1910, the said judgment of December 20, 1909, was recorded in the registry of property; that Torres filed a complaint in

intervention against the plaintiff and against Jiménez on May 26, 1910, but the return of service on the summons does not state the place where it was served; that the appellant could not answer the said complaint in intervention for reasons beyond his control and judgment was rendered on June 13, 1910, adjudging that Juan de Dios Torres satisfy his judgment out of the property affected thereby in preference to Martínez, and the plaintiff contends that the said judgment is void because it was rendered when the summons failed to show the place where it was served, because the case had not been tried, because the defendants were adjudged to pay the costs and because the credit of Martínez being prior to that of Torres, it was entitled to preference; that in the suit brought by Torres against Jiménez the marshal was ordered to sell the property levied on and to make due return of the result, and the property was sold to Juan de Dios Torres to satisfy his credit and the costs, and a deed thereto was made to him, which proceedings the plaintiff considers null and void because they are the consequence of a void contract and of proceedings which are contrary to law; that notwithstanding the said sale, Jiménez remains in possession of the property as owner with the consent of Torres and has no means wherewith to pay the plaintiff's debt.

In view of the foregoing facts the plaintiff prayed for the annulment of the loan agreement between Jiménez and Torres and also of the action between them for its recovery as well as of the said intervention proceedings and the record of the judgment in the registry made December 20, 1909, in favor of Torres; that the deed of sale executed by the marshal be declared null and void and that the properties mentioned be held subject to the payment of the amount due to the plaintiff.

The extract which we have made from the complaint shows that the annulments sought are based principally on the fact that the debt which Jiménez acknowedged in favor of Torres was simulated and that its object was to defraud the plaintiff of his rights; but the mere fact that Torres sued Jiménez to

recover a debt which was not witnessed by a document and that the latter acknowledged the justness of the debt and designated properties with which to satisfy the judgment, is not sufficient to justify the conclusion that the claim was a simulated one made to defraud Martínez of his rights as creditor of Jiménez, nor do the errors of procedure which may have been committed by the court and the marshal show fraud of themselves.

The only allegation of fraud in connection with the simulation of Jiménez' debt to Torres is so worded that it appears to be more of a supposition of the plaintiff than an allegation of fraud, as he deduces therefrom that it does not appear rational or logical that a loan should be made without interest or security. If said loan is simulated because the money claimed by Torres from Jiménez was not actually delivered, this should have been alleged affirmatively and not in the form of a supposition as the plaintiff has done.

In order that a complaint based on fraud may be good the allegations therein must be of such a nature that, taking them as true, they will support a judgment against the defendant, and in the present case they will not, for the allegation of fraud is limited to deductions and suppositions. This defect in the complaint can be corrected, as was recognized by the lower court in granting leave to file a new complaint.

For the foregoing reasons the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.